## RAILROAD COMMISSION et al. v. HIGHWAY INSURANCE UNDERWRITERS.

### No. 8793.

Court of Civil Appeals of Texas. Austin.
Jan. 25, 1939.

Wm. McCraw, Atty. Gen., and Albert G. Walker, Asst. Atty. Gen., for plaintiffs in error.

Jess D. Carter, of Austin, for defendant in error.

BAUGH, Justice.

The Highway Insurance Underwriters brought this suit against the Railroad Commission to enjoin the enforcement of a rule promulgated by it on October 1, 1928. Temporary injunction was granted, and after a trial to the court on the merits, was made permanent; hence this appeal.

Pursuant to authority vested in the Commission in Sec. 13, Art. 911b, Vernon's Ann.Tex.Statutes, as variously amended, the Railroad Commission duly promulgated on October 1, 1928, the following rule: "The Railroad Commission will approve policies covering loss or damage to cargo and public liability and property damage insurance, only when the company writing same is authorized by law to write such business in the State of Texas, and has on deposit with the State Treasurer Fifty Thousand ($50,000) Dollars in cash or securities."

The power of the Commission to require of motor carriers bonds or policies of insurance against personal injuries and property damage is not questioned. The sole question here presented is whether it had the right to refuse to accept bonds tendered by applicants for a certificate of public convenience and necessity unless and until the surety, or indemnitor, on such bond showed that it had on deposit with the State Treasurer $50,000 in cash or securities. It is the contention of the Commission that it had such power under the authority granted it by the statute above referred to.

This statute provides, among other things, that "such motor carrier shall file with the Commission bonds and/or insurance policies issued by some insurance company, including mutuals and reciprocals or bonding company authorized by law to transact business in Texas in an amount to be fixed by the Commission under such rules and regulations as it may prescribe," etc.

While Sec. 13, Art. 911b, deals at some length with the character, provisions, and requirements that such insurance policy or bond must contain, the language above quoted is the only language in the statute relating to the requirements of the company writing such policy or bond. That is, that it must be "authorized by law to transact business in Texas."

It is manifest, we think, that that portion of the order undertaking to require of such company, after it has been authorized by law and the Board of Insurance Commissioners to do business in Texas, also to have on deposit with the State Treasurer $50,000 in cash or securities, is clearly

not authorized under the provisions of Art. 911b, Sec. 13.

It is now well settled that administrative agencies have only such powers as are expressly granted by statute, or such as are necessarily implied therein to enable them to carry out the purposes of the statute. The powers of the Railroad Commission given by the law in question relate only to the terms, conditions, and provisions of the bond or policy itself. The Commission is not expressly nor by implication given any power to prescribe the terms or conditions upon which an insurance 'company may be authorized to do such business in Texas. That is a matter governed by the insurance laws, and administered exclusively by the Board of Insurance Commissioners under the provisions of Title 78 (Arts. 4679 to 5068), R.C.S.1925. And when the Board of Insurance Commissioners under the provisions of law have ascertained whether or not an insurance company meets the requirements of the laws of Texas, has complied with the rules and regulations of that Board, and is entitled to write insurance in Texas, their determination of that matter is exclusive. The Railroad Commission was clearly without power to add any further, additional, or conflicting burdens upon such insurance companies which would restrict their rights to write the character of insurance or bonds in Texas authorized by law.

As above stated, powers of such administrative agencies are limited to those expressly granted or necessarily implied by statute. State v. Robison, 119 Tex. 302, 30 S.W.2d 292; Commercial Standard Ins. Co. v. Board of Ins. Com'rs, Tex. Civ.App., 34 S.W.2d 343, writ refused; Railroad Comm. v. Southwestern Greyhound Lines, Tex.Civ.App., 92 S.W.2d 296; Railroad Comm. v. Red Arrow Freight Lines, Tex.Civ.App., 96 S.W.2d 735. It is clear, we think, that in so far as the rule attacked undertakes to require of the insurer a deposit with the State Treasurer of $50,000 in cash or securities, it is a clear attempt to add to such insurer's right to do business in Texas an additional burden after it had been granted such right by the Board of Insurance Commissioners, the agency designated by law to pass upon such requirements. Not only was that portion of the order attacked not authorized by the provisions of the statute giving to the Railroad Commission power to require policies of those seeking to use the highways as motor carriers; but it clearly would amount to an invasion by the Commission of a field of regulation vested exclusively in the Board of Insurance Commissioners.

The judgment of the trial court enjoining the enforcement of this rule was, we think, clearly correct, and the judgment will be affirmed.

Affirmed.